131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Isabelle COLLINS, Plaintiff-Appellant,
v.
STATE of Idaho; Pocatello Women's Correctional Center;
Bona Miller, Warden; Ann Mahaffey, PWCC Staff
Nurse, Defendants-Appellees.
 No. 97-35417.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 21, 1997.
 
 Appeal from the United States District Court for the District of Idaho, No. CV-96-00072-BLW; B. Lynn Winmill, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Isabelle Collins, an Idaho state prisoner, appeals pro se the district court's summary judgment for defendants in her 42 U.S.C. § 1983 alleging deliberate indifference to her medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We review de novo the district court's grant of summary judgment. See Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1993) (per curiam). We may affirm on any ground supported by the record. See United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992).
 
 
 3
 "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Doty v. County of Lassen 37 F.3d 540, 546 (9th Cir.1994) (citation and internal quotations omitted). When determining whether a medical need is "serious," the court should consider whether a reasonable doctor would think that the condition was worthy of comment, whether the condition significantly affects the prisoner's daily activities, and whether the condition is chronic and accompanied by substantial pain. See id. at n. 3
 
 
 4
 Here, it is undisputed that defendant Mahaffey gave Collins the wrong medication on January 19, 1996. The parties dispute whether Mahaffey made adequate inquiries to determine if the medication given to Collins was the correct medication and whether Mahaffey threatened Collins with disciplinary action when Collins refused to take the medication. Defendants submitted the affidavits of two medical professionals which stated that the only consequences Collins would have suffered from the wrong medication would be increased drowsiness and lethargy. Collins' only evidence that she experienced adverse consequences was the affidavit of a fellow inmate stating that Collins was introverted, tired, and depressed the day after she took the improper medication.
 
 
 5
 Upon our review of the record, we conclude that Collins did not establish a genuine issue of material fact that taking the improper medication gave rise to a serious medical need. Accordingly, the district court properly granted summary judgment for defendants. See Barnett, 31 F.3d at 815; McGuckin, 974 F.2d at 1060.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4. We have reviewed Collins' letter received on October 20, 1997 complaining about the quality of medical care at Pocatello Women's Correctional Center
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal